## HAGOOD v. RILEY.

Complaint was filed and answer made, and nothing more was done in the cause by either party for ten years, when plaintiff gave defendant notice that he would press for trial at the ensuing term; whereupon defendant gave notice of a motion to strike the case from the calendar, on the ground that the action had abated by reason of plaintiff's laches. The Circuit judge ruled that the plaintiff was out of court, and gave judgment of dismissal. *Held*, that this ruling was erroneous.

Before PRESSLEY, J., Barnwell, April, 1883.

The opinion states the case.

*Mr. Robert Aldrich*, for appellant.

*Mr. John R. Bellinger*, contra.

April 14th, 1884. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. Proceedings were instituted in April, 1873, in the name of the plaintiff, late commissioner in equity for Barnwell county, to foreclose a mortgage on real estate situate in said county. The mortgage was executed in 1853, and the defendant, Lancaster, being in possession, as a purchaser from an intermediate purchaser, was made a party, by service upon him of the summons and complaint. Lancaster answered on April 25th, 1873.

The case remained in this condition without further proceeding until in 1883, when Mr. Robert Aldrich, as attorney for plaintiff (Mr. Hay, the attorney who instituted the proceeding, having in the meantime died), gave notice to Mr. Bellinger, the attorney of Lancaster, that the case would be pressed for trial at the ensuing

April term of the court, *i. e.*, April, 1883. Up to this time no attorney had been regularly substituted in the place of Mr. Hay, nor had the case been placed on any calendar. In response to the notice, Mr. Bellinger gave notice that he would move at the same term to strike the case from the calendar, on the ground that the action had abated by reason of the laches of the plaintiff, and could only be revived by supplemental complaint, by leave of the court first had, &c., with notice also of other motions, should this fail.

The questions raised by these notices were heard by Judge Pressley, who passed the following order: "It is adjudged that the plaintiff is out of court, and it is therefore ordered that the cause be stricken from the docket, with ten dollars' costs of motion." From this order the plaintiff has appealed.

In support of the appeal, the appellant relies upon section 276 of the code; and in opposition, the respondent relies upon subdivision 4 of section 296. It devolves upon us to determine the application of these sections and their effect upon the case. Section 276 provides that, "in all issues to be tried by the court or a jury, the plaintiff shall, at least fourteen days before the court, file in the clerk's office the summons and complaint in the cause, endorsing thereon the nature of the issue and the number of the docket upon which the same shall be placed; and if the plaintiff fail so to do, the defendant, seven days before the court, may file copies of said papers with a like endorsement, and the clerk shall thereupon place said cause upon its appropriate docket, and it shall stand for trial without any further notice of trial or notice of issue." Subdivision 4 of section 296 provides that "the court may dismiss the complaint with costs in favor of one or more defendants in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or to proceed in the cause against the defendant, or defendants, served."

Neither of these sections fixes the time within which after action commenced the case shall be placed upon some calendar of the court. The first simply provides that to have case placed on a calendar by the plaintiff, he must, at least fourteen days before the court, file in the clerk's office the summons and complaint, endorsing thereon the nature of the action and the number of the

calendar upon which it is to be docketed; and if the plaintiff fails to do this, the defendant may do it seven days before the court. But there is no limit prescribed as to the time within which this must be done, with forfeiture of the right if not done. The second authorizes the court to dismiss the complaint for unreasonable delay in proceeding with the case.

There is nothing in either of these sections which is conclusive of the question raised here. The Circuit judge, in his order appealed from, dismissed the complaint because, in his judgment, the plaintiff was out of court, on account of the delay in having the cause docketed. There is nothing in section 276 which declares that failure to docket within a prescribed time after action begun puts a party out of court; on the contrary, that section provides a mode by which delay, if objected to by either party, may be prevented. Either party may have the cause docketed and the trial had by pursuing the directions given in this section. Nor does failure by plaintiff to proceed after docketing his cause, or after service of summons on the defendant, of necessity have this effect of putting the plaintiff out of court, under section 296. That section only provides that the court may dismiss the complaint in case of unreasonable neglect to have the summons served on all of the parties, or to proceed against those served. The Circuit judge seems to have based his order dismissing the complaint upon the legal conclusion that the plaintiff was out of court. Neither of the sections which we have considered sustains this conclusion.

Is there any other principle connected with the practice, either old or new, which may be invoked in support of such a conclusion? The cases of *Bennett* v. *Calhoun Association,* 9 *Rich. Eq.,* 166, and *Jeannerett* v. *Radford, Rich. Eq. Cas.,* 470, are referred to by counsel on both sides. At the time these cases were heard, certain acts were of force intended to dispatch business in the Court of Chancery, viz., the acts of 1784, 1789, and 1810. The first act provided that suits in that court should be finally decided within one year after action brought, unless upon cause shown the time should be extended. The second extended this time to three years; and by the last the court was authorized to continue causes for a longer period than three years,

by consent of parties, or without their consent upon good cause shown.

In the first of these cases the court said·that they were "well satisfied with the observations of Chancellor Harper [in the second case, *Jeannerett* v. *Radford*], ·"that according to uniform practice of the court the cause is not regarded as *ipso facto* out of court, although the directions [in the acts above] may not have been strictly observed.' It is not declared by the act that if the cause be not decided within that time, it shall be *ipso facto* at an end and out of court. The law of 1784 directs the cause to be finally decided within one year, unless for satisfactory cause shown.· Under that act, a party defendant might have had the bill dismissed for want of prosecution, unless for satisfactory cause shown to the contrary; or it would ·have been in the power of the court, of its own motion, and after the cause was docketed, if the parties delayed their proceeding, to strike off the cause, or make such order as would be a final decision; or it might refuse to proceed further against the defendant; or might set aside a decree improvidently entered against him. But these directions of the act should be, and have been always, construed to subserve the purposes of justice, and not to take advantage of inadvertence or misapprehension. As is remarked by Chancellor Harper, if such motion be not made by the party defendant, being in court, this may be held evidence of consent on his part; and it may be added that if no order be entered by the court, it may be inferred that the court thought that the delay was reasonable."

These remarks are applicable to this case. Under section 276, *supra*, if the defendant had desired to bring the case to trial and have it ended, he might have done so at any time after issue joined by giving the seven days' notice as therein provided. Or before the case was placed on the calendar by the plaintiff, or after, he might have proceeded under section 296, and moved to dismiss the complaint for unreasonable delay. He failed to adopt either of these modes; in fact, took no action until he was notified fourteen days before the court by the plaintiff that the case .would be pressed for trial at the ensuing term. He thereupon gave notice that he, at the same term, would move to dismiss for unreasonable delay. The Circuit judge did not pass upon the

question of unreasonable delay as a ground for dismissal; but seems to have held that the plaintiff was out of court as matter of law. In this we think there was error; and for that reason the case must be remanded.

Whether the facts, when presented, will make out a case of unreasonable, or, on the other hand, of excusable delay, is a matter for the Circuit judge, which, under section 296, *supra*, he is empowered to consider. All that we decide is, that we do not regard that the plaintiff was *ipso facto* out of court upon the facts as they appear in the "Case" submitted to us.

It is the judgment of this court that the order of the Circuit Court be reversed and the case be remanded.